IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DOUGLAS TAYLOR DORAN**,

    Plaintiff,

  vs.              No. CIV 07-916 MCA/RHS

**DANIEL A. SANCHEZ**,
**FIRST JUDICIAL DISTRICT COURT,**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the following motions: (1) *Defendant's Motion to Dismiss* [Doc. 9] filed on November 5, 2007; (2) Plaintiff's *Request for a Hearing* [Doc. 13] filed on November 16, 2007, and (3) *Plaintiff's Motion to Reply to Defendant's Reply in Support of Motion to Dismiss* [Doc. 22] filed on January 7, 2008.  Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court concludes that Plaintiff's claims against Defendant Daniel A. Sanchez must be dismissed with prejudice based on the doctrine of absolute judicial immunity.  The Court also will order Plaintiff to show cause in writing by no later than January 24, 2008, why this action should not be dismissed as to any and all remaining claims and Defendants referenced in Plaintiff's *Complaint* [Doc. 2.]

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting McKinney v. Oklahoma Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's *pro se* complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

At the time of the events giving rise to this action, Defendant Sanchez was a District Judge in New Mexico's First Judicial District Court. The other persons referenced in Plaintiff's *Complaint* appear to be court employees, witnesses, or persons charged with prosecuting complaints of judicial misconduct within the State of New Mexico. Plaintiff's claims revolve around a prior civil action that was adjudicated before Defendant Sanchez in his capacity as a judge of the First Judicial District Court.

Accordingly, Plaintiff's claims against Defendant Sanchez are barred by judicial immunity. "It is well settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." Wiggins v. New Mexico State Supreme Court Clerk, 664 F.2d 812, 815 (10th Cir. 1981) (citing Stump v. Sparkman, 435 U.S. 349 (1978) (additional citations omitted)). This is true regardless of the

judge's motive. <u>See</u> <u>Stump</u>, 435 U.S. at 356-57. Moreover, a judge has absolute immunity even if he or she does not in fact have jurisdiction over a particular cause, so long as the actions are in the judge's judicial capacity. <u>See</u> <u>id.</u> The Court will therefore dismiss Plaintiff's claim for damages against Defendant Sanchez as frivolous pursuant to 28 U.S.C. § 1915(e).

To the extent that Plaintiff's pleadings are intelligible, it appears that any claims he may have asserted against other persons besides Defendant Sanchez in this action also are subject to dismissal under Fed. R. Civ. P. 12(b)(6) and/or 28 U.S.C. § 1915(e).  "In determining whether particular acts of government officials are eligible for absolute immunity," the Court applies "'a functional approach . . . which looks to the nature of the function performed, not the identity of the actor who performed it.'"  <u>Malik v. Arapahoe County Dep't of Soc. Servs.</u>, 191 F.3d 1306, 1314 (10th Cir. 1999) (quoting <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 269 (10th Cir. 1993)); <u>accord</u> <u>Snell v. Tunnell</u>, 920 F.2d 673, 687 (10th Cir. 1990).  Functions which are traditionally afforded absolute immunity under this approach include those of a "judge acting in his judicial capacity," activities of a prosecutor that are "'intimately associated with the judicial process,' such as initiating and pursuing a criminal prosecution," and the testimony of witnesses in a judicial proceeding. <u>Snell</u>, 920 F.2d at 686 (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976)).

The acts or omissions by other persons that are alleged in Plaintiff's *Complaint* appear to fall within the scope of these functions.  Therefore, the Court will order Plaintiff to show

cause in writing on or before January 24, 2008, why this action should not be dismissed with prejudice as to any and all remaining claims and Defendants.

Because it is reasonable to expect Plaintiff to make such a showing in writing, the Court will deny Plaintiff's *Request for Hearing* [Doc. 13] on this matter.  In addition, the Court has considered the additional information supplied in *Plaintiff's Motion to Reply to Defendant's Reply in Support of Motion to Dismiss* [Doc. 22], but does not foresee the need for a surreply on this issue.

**IT IS, THEREFORE, ORDERED** that  *Defendant's Motion to Dismiss* [Doc. 9] is **GRANTED**, and Plaintiff's claims against Defendant Sanchez are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's *Request for a Hearing* [Doc. 13] is **DENIED**.

**IT IS FURTHER ORDERED** that *Plaintiff's Motion to Reply to Defendant's Reply in Support of Motion to Dismiss* [Doc. 22] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff is directed to show cause in writing by no later than January 24, 2008, why this action should not be dismissed with prejudice as to any and all remaining claims and Defendants.

**SO ORDERED** this 9th day of January, 2008, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge

-4-